IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Yvonne Robinson, Individually and as the Representative of the Estate of Deagose F. Robinson, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>John Henry Newsome, III,<br><br>Defendant. | C.A. No. 4:10-cv-1932-MBS<br><br>**ORDER** |

This is a wrongful death action brought by Yvonne Robinson[1] Individually and as Representative of Deagose F. Robinson's Estate ("Plaintiff") against John Henry Newsome III ("Defendant"). On May 5, 2010, Plaintiff filed a Complaint in the Court of Common Pleas, County of Darlington, South Carolina, alleging causes of action for negligence – wrongful death, negligence – survivorship, and loss of consortium. ECF No. 23-1, p. 5. On July 26, 2010, Defendant filed his first notice of removal. On February 9, 2011, Defendant filed an amended notice of removal on the basis of diversity jurisdiction, alleging that Plaintiff is a citizen of South Carolina and Defendant was a citizen of Florida at the time the action was commenced and removed. Specifically, Defendant alleges that he had changed his domicile from South Carolina to Florida by the time the action commenced. ECF No. 23. On March 17, 2011, Plaintiff filed the instant motion to remand, alleging that Defendant was a citizen of South Carolina, not Florida, when the action commenced. The parties engaged in jurisdictional discovery on the question of domicile. On December 14, 2011, a hearing on the motion for remand was held before this court.

---

[1] Yvonne Robinson is the wife of Deagose F. Robinson, the deceased victim.

A change in domicile requires 1) residence in a new domicile and 2) an intention to remain there indefinitely.  Jahed v. Acri, 468 F.3d 230, 236 (4th Cir. 2006); Swift & Co. v. Licklider, 7 F.2d 19, 21 (4th Cir. 1925).  The question of changing one's domicile is largely a matter of intent, and this fact must be determined in light of all the evidence, the circumstances and the reasonable inferences to be drawn from them.  Swift, 7 F.2d at 21.  A litigant's statement of intent is relevant to the determination for domicile, but is entitled to little weight if it conflicts with the objective facts.  Scenera Research LLC v. Morris, No. 5:09-412, 2011 WL 666284, at *4 (E.D.N.C. Feb. 14, 2011) (citing Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996)).  Where intent to remain indefinitely is challenged, courts look to factors such as residence, voting registration and practices, location of personal and real property, location of bank accounts, location of spouse and family, membership in organizations, place of employment or business, driver's license and automobile registration and payment of taxes.  Pac. Mut. Life Ins. Co. of Cal. v. Tompkins, 101 F. 539, 542 (4th Cir. 1900).  Because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction.  Mulcahey v. Columbia Organic Chemicals Co. Inc., 29 F.3d 148, 151 (4th Cir. 1994). Further, if federal jurisdiction is doubtful, remand is necessary.  Id.

The burden of persuasion as to domicile always remains on the party asserting federal jurisdiction.  Id.  However, there is a presumption in favor of an established domicile over a newly acquired one and thus a party alleging a change in domicile has the burden of proving that change.  15 Moore's Federal Practice § 102.35[6] (3d ed. 2011) (citing numerous cases).  Thus, if the party alleging a change of domicile is the same party asserting federal jurisdiction, the burden of persuasion becomes heavier and must be proved by clear and convincing evidence. Ness v. Dean Witter Reynolds, Inc., 677 F. Supp. 861, 864 (D.S.C. 1987); Mizell v. Eli Lilly &

Co., 526 F. Supp. 589, 593-94 (D.S.C. 1981); Ferrara v. Ibach, 285 F. Supp. 1017, 1019 (D.S.C. 1968); accord Dyer v. Robinson, 853 F. Supp. 169, 173 (D. Md. 1994); see 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2011).

Having considered the jurisdictional evidence presented in this case and the relevant law, the court finds that Defendant did not prove by clear and convincing evidence that his domicile had changed to Florida as of May 5, 2010, the date the action commenced. The court thereby grants Plaintiff's motion to remand the case to state court.

**IT IS SO ORDERED.**

                                                  s/ Margaret B. Seymour
                                                  The Honorable Margaret B. Seymour
                                                  United States District Judge

December 16, 2011
Columbia, South Carolina